IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILMA L. COLE,

                Plaintiff,                CV-08-1412-ST

      v.                                  FINDINGS AND RECOMMENDATION TO GRANT

TUALITY COMMUNITY HOSPITAL and D. GUNDRY,        *IN FORMA PAUPERIS* AND TO DISMISS

                Defendants.

STEWART, Magistrate Judge:

      Plaintiff, Wilma L. Cole, appearing *pro se*, has filed an application to proceed *in forma pauperis* (docket #1). Her application reveals that she is currently unemployed, receives disability or workers compensation payments, and has limited assets. Hence, plaintiff cannot afford the costs of this proceeding, and her application for *in forma pauperis* status should be granted. However, for the reasons set forth below, his Complaint should be dismissed for lack of subject matter jurisdiction without service of process.

///

1 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

Plaintiff alleges a claim for wrongful death to recover damages suffered by her family or the death of her father, Milton Cole. The basis of the claim is difficult to decipher. Plaintiff alleges that her father did not take blood based on his beliefs as one of Jehovah's Witnesses and trusted Dr. Gundry. She also alleges that "Dr. Gundry knew it had Escherchia Coli bacteria staralized [*sic*] along with a human embro [*sic*]," although she does not specify what "it" was. At the end of paragraph 8, plaintiff alleges her father "died due to being put on insulin. Putting him into a diabetic coma. Whitch [*sic*} caused his death on Juanuary [*sic*] 11, 1985." Plaintiff characterizes the death as "hate crime," but fails to allege why. The prayer seeks $26 million in damages for the wrongful death from Tuality Community Hospital where her father died and from Dr. Gundry who apparently was the treating physician at the time of death.

Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a federal courts jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Under Rule 12(h) of the Federal Rule of Civil Procedure, this court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).

In paragraph 4, the Complaint alleges 28 USC § 1332 as the basis for jurisdiction based on diversity of citizenship. That statute requires that the parties be citizens of different states and

that the amount in controversy exceed the sum of $75,000.00, exclusive of interest and costs. Plaintiff failed to check any boxes on the Civil Cover Sheet indicating the citizenship of the parties and the Complaint does not allege plaintiff's citizenship. However, plaintiff lists her address in Aloha, Oregon, indicating that she resides in Oregon. Paragraphs 2 and 3 of the Complaint allege that Tuality Community Hospital is in Washington County, Oregon, and that Dr. Gundry resides in the State of Oregon and had an office in Forest Grove, Oregon. Therefore, the parties are not citizens of different states. Accordingly, this court has no diversity jurisdiction over plaintiff's claim. The Complaint fails to reveal any other basis for jurisdiction. If plaintiff has a viable claim against any defendant under state law, then she must file that claim in Oregon state court, rather than in federal court.

Even if plaintiff seeks to file a wrongful death claim in state court, it appears that such a claim would be barred by Oregon's statute of limitations. Under ORS 30.020, any action for wrongful death must be commenced no later than three years after the death of the decedent or the longest of any other statute of ultimate repose. The longest statute of ultimate repose in Oregon is 10 years. *See* 30.095(3)(b) (product liability); ORS 12.115 (negligent injury); ORS 12.135 (construction, alternation or repair of improvement to real property). Mr. Cole's death occurred over 20 years ago.

Since this court can conceive of no amendment to cure the jurisdictional defect, the Complaint should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, plaintiff's application to proceed *in forma pauperis* (docket #1) should be denied and the Complaint should be DISMISSED with prejudice.

3 - FINDINGS AND RECOMMENDATION

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due on or before December 22, 2008. If plaintiff files no objections, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

This Recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

DATED this 5th of December, 2008.

                                                /s/ Janice M. Stewart
                                                Janice M. Stewart
                                                United States Magistrate Judge