IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILMA LEAH COLE,                       08-CV-1412-ST

        Plaintiff,                  ORDER

v.

TUALITY COMMUNITY HOSPITAL and
D. GUNDRY,

        Defendants

WILMA LEAH COLE
P.O. Box 524
Aloha, OR  97006
(503) 747-4927

        Plaintiff *Pro Se*[1]

---

[1] Magistrate Judge Janice M. Stewart issued Findings and Recommendation before Plaintiff served the Complaint. Accordingly, there is no defense counsel of record at this time.

1- ORDER

**BROWN, Judge.**

Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#4) to Grant *In Forma Pauperis* and to Dismiss on December 5, 2008, in which she recommends the Court *sua sponte* dismiss Plaintiff Wilma Leah Cole's Complaint for lack of subject-matter jurisdiction on the ground that there is not complete diversity between Plaintiff and Defendants Tuality Community Hospital and D. Gundry as required by 28 U.S.C. § 1332. Plaintiff filed Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). This Court has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

The Court, however, must permit a *pro se* litigant the opportunity to correct the deficiencies of her complaint unless it is clear those deficiencies cannot be cured by amendment. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

2- ORDER

Cir. 1988).  *See also Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

Plaintiff brought this action in federal court on the basis that the Court has diversity jurisdiction.  In her Objections, however, she states all of the parties live in Washington County, Oregon.  Complete diversity, therefore, does not exist between the parties.  Accordingly, the Court concludes the deficiencies in Plaintiff's Complaint cannot be cured by amendment.  *See Karim-Panahi*, 839 F.2d at 623.  The Court, therefore, dismisses the case.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#4) and, accordingly, **DENIES** Plaintiff's Application to Proceed *In Forma Pauperis* and **DISMISSES** Plaintiff's Complaint **with prejudice**.

IT IS SO ORDERED.

DATED this 12th day of January, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

3- ORDER